## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**JASON KERTZ**                                                                         **PLAINTIFF**

**VS.**                              **No. 4:21-cv-00446 PSH**

**KILOLO KIJAKAZI,**
**ACTING COMMISSIONER OF SOCIAL**
**SECURITY ADMINISTRATION**                                             **DEFENDANT**

### ORDER

Nicholas L. Coleman ("Coleman"), attorney for plaintiff Jason Kertz ("Kertz"),

seeks an award of attorney's fees in the amount of $24,087.25 pursuant to 42 U.S.C.

§ 406(b).  Coleman's motion is granted, in part, and the Court awards a fee in this case

of $10,667.50.

Defendant Kilolo Kijakazi ("Kijakazi") responded to Coleman's motion.  Doc.

No. 29.  Coleman and Kijakazi agree to the legal principles guiding the Court, as set

forth in *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002).  The Supreme Court explained:

> . . . we conclude, § 406(b) does not displace contingent-fee agreements
> as the primary means by which fees are set for successfully representing
> Social Security benefits claimants in court. Rather, § 406(b) calls for
> court review of such arrangements as an independent check, to assure
> that they yield reasonable results in particular cases. Congress has
> provided one boundary line: Agreements are unenforceable to the extent

that they provide for fees exceeding 25 percent of the past-due benefits. § 406(b)(1)(A) (1994 ed., Supp. V).  Within the 25 percent boundary, as petitioners in this case acknowledge, the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered. . .

Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved. *See, e.g., McGuire*, 873 F.2d, at 983 ("Although the contingency agreement should be given significant weight in fixing a fee, a district judge must independently assess the reasonableness of its terms."); *Lewis v. Secretary of Health and Human Servs.*, 707 F.2d 246, 249–250 (C.A.6 1983) (instructing reduced fee when representation is substandard). If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court. *See Rodriquez*, 865 F.2d, at 746–747. If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order. *See id.*, at 747 (reviewing court should disallow "windfalls for lawyers"); *Wells*, 907 F.2d, at 372 (same). In this regard, the court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases.

535 U.S. at 807–08.

Two questions flow from *Gisbrecht.*  The first question – is the fee sought within the 25 percent boundary – is answered in the affirmative, as Coleman seeks exactly 25 percent of the past-due benefits awarded to his client.

On the second question – is the fee reasonable for the services rendered – is answered in the negative, and the Court finds the award of the full 25 percent is not

reasonable in this instance. There is no suggestion that Coleman's representation was substandard, nor was he responsible for any delay in the proceedings. However, a downward adjustment is appropriate when the award is large in comparison to the time expended by Coleman. Here, Kertz and Coleman executed the contingency fee contract on May 20, 2021. Doc. No. 26-2. Coleman filed a complaint with this Court four days later. On November 17, 2021 Coleman filed a motion for extension of time to file his brief, and on December 17, 2021 the brief was filed. On February 28, 2022, Kijakazi filed an unopposed motion to remand the case for further proceedings. This motion was granted and judgment was entered on April 18, 2022. Coleman sought and received an EAJA fee award of $5,426.08 on June 3, 2022. In total, Coleman expended 25.1 hours on the case.

If the full 25 percent were awarded, Coleman's hourly rate would be about $960. This rate is quite large in comparison to the 25 hours Coleman spent on the case. A survey of similar cases in the Eastern District of Arkansas supports this finding. *See Jones v. Berryhill*, 2017 WL 6055660 (requested fee of $640 an hour denied, rate of $189.40 an hour awarded); *Lowery v. Colvin*, 2016 WL 4500507 (requested fee of $21,750, or $638.58 an hour, denied in a case which attorney expended 34.06 hours and filed a brief and two motions for additional time before an unopposed motion to remand was granted, fee of $293.60 an hour awarded); and

*Brewster v. Astrue*, 2008 WL 1929984 (requested fee of $828.44 an hour denied, fee of $329.07 an hour awarded). The Court is aware, as noted in *Lowery v. Colvin*, *supra*, that "cases run the gamut of recovery amounts." *See, e.g., Bates v. Colvin*, 2014 WL 5420283 (another case from the Eastern District of Arkansas) ($17,460, the full 25 percent contingency fee, awarded to attorney, who spent over five years seeking benefits for the client). The Court also recognizes the cases Coleman cites from other district courts in the Eighth Circuit approving similar or higher awards. Doc. No. 30, page 2.

While the amounts awarded vary greatly, one constant remains: the Court is tasked with determining whether application of the contingency fee agreement results in a reasonable fee.[1] As in the *Lowery* case, Coleman did not expend a large amount of time, and the case was never reviewed by a federal judge as a result of the unopposed motion to remand. The Court finds the full award of $24,087.25 would constitute a windfall to Coleman. The award is reduced from $24,087.25 to

---

[1]

Coleman urges a "crucial distinction" in this case is Kertz's affidavit supporting the payment of the full 25 percent. Doc. No. 30, page 1. No case is cited to suggest that the plaintiff's endorsement is a factor to be considered by the Court. *Gisbrecht* directs the Court to consider whether the fee is reasonable and provides the factors to be considered – there is no mention of the plaintiff's opinion.

$10,667.50.[2]   Since Coleman previously received an EAJA award of $5,396.50,

Kijakazi is directed to pay Coleman the net amount of $5,271.00.

IT IS SO ORDERED this 18th day of December, 2023.

_____

UNITED STATES MAGISTRATE JUDGE

---

[2]The awarded fee represents an hourly rate of $425, exceeding the $350 rate normally charged by Coleman in non-Social Security cases.  Doc. No. 26-1, page 2.